UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWANDA BAILEY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. CV 13-6862 JC<br><br>MEMORANDUM OPINION AND ORDER OF REMAND |

**I.　SUMMARY**

On October 1, 2013, plaintiff Lawanda Bailey ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; October 1, 2013 Case Management Order ¶ 5.

///

///

1

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On September 15, 2008, plaintiff filed an application for Disability Insurance Benefits. (Administrative Record ("AR") 101, 171). Plaintiff asserted that she became disabled on March 29, 2005, due to carpal tunnel syndrome, and back, neck and shoulder problems. (AR 225). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff on June 2, 2010. (AR 66-83). On July 9, 2010, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 101-09).

On June 20, 2011, the Appeals Council granted review, vacated the ALJ's July 9, 2010 decision, and remanded the matter for further administrative proceedings. (AR 30, 111-14). On March 15, 2012, the ALJ again examined the medical record and also heard testimony from plaintiff and a vocational expert. (AR 46-65).

On April 9, 2012, the ALJ again determined that plaintiff was not disabled through the date of the decision.[1] (AR 30-35). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairment: degenerative disc disease of the cervical spine (AR 32); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 32); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. § 404.1567(b)) "except with no fine manipulation, bilateral hands" (AR 33); (4) plaintiff could perform her past relevant work as an office manager "[as]

---

[1] The ALJ stated that his July 9, 2010 decision was incorporated by reference into his April 9, 2012 decision. (AR 33).

characterized by the vocational expert" (AR 34); (5) "[a]lternatively, even if [plaintiff's] job was so unique as to require frequent use of her hands for keyboarding, the vocational expert testified that [(a)] such job normally does not and [(b)] then, skills would transfer to same job with at least 33,000 jobs in the United States[]" (AR 34-35); and (6) plaintiff's allegations regarding her limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 34).

The Appeals Council denied plaintiff's application for review of the April 9, 2012 decision. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

    (1)    Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

    (2)    Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

1  (3)  Does the claimant's impairment, or combination of
2       impairments, meet or equal an impairment listed in 20 C.F.R.
3       Part 404, Subpart P, Appendix 1? If so, the claimant is
4       disabled. If not, proceed to step four.
5  (4)  Does the claimant possess the residual functional capacity to
6       perform claimant's past relevant work? If so, the claimant is
7       not disabled. If not, proceed to step five.
8  (5)  Does the claimant's residual functional capacity, when
9       considered with the claimant's age, education, and work
10      experience, allow the claimant to adjust to other work that
11      exists in significant numbers in the national economy? If so,
12      the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

**B.  Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a

mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff contends that the ALJ's determination at step four that plaintiff could perform her past relevant work is not supported by substantial evidence. (Plaintiff's Motion at 3-6). The Court agrees. As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

### A. Pertinent Law

At step four of the sequential evaluation process, the Administration may deny benefits when the claimant can perform the claimant's past relevant work as "actually performed," or as "generally" performed. Pinto v. Massanari, 249 F.3d 840, 845 (2001). ALJs routinely rely on the Dictionary of Occupational Titles ("DOT") in determining the physical and mental demands of a claimant's past work. Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); see also 20 C.F.R. § 404.1566(d)(1) (DOT is source of reliable job information). The DOT is the presumptive authority on job classifications. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). The ALJ may also rely on testimony from a vocational expert. See, e.g., Bailey v. Astrue, 2010 WL 3369152, *5 (C.D. Cal. Aug. 24, 2010) ("vocational expert's testimony constitutes substantial evidence to support [] ALJ's Step Four determination that plaintiff can perform his past relevant work") (citations omitted).

Although the claimant has the burden of proving an inability to perform her past relevant work, "the ALJ still has a duty to make the requisite factual findings to support [the ALJ's] conclusion." Pinto, 249 F.3d at 844. To determine whether a claimant has the residual capacity to perform her past relevant work, the ALJ must ascertain the demands of the claimant's former work and then compare the demands with her present capacity. Villa v. Heckler, 797 F.2d 794, 797-98 (9th Cir. 1986). In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain the following specific findings of fact: (1) a finding of fact as to the individual's residual functional capacity; (2) a finding of fact as to the physical and mental demands of the past job/occupation; and (3) a finding of fact that the individual's residual functional capacity would permit a return to her past job or occupation. Social Security Ruling 82-62.[2]

**B.  Analysis**

Here, the Court cannot conclude that the ALJ's findings at step four are supported by substantial evidence and free of material error.

First, while the residual functional capacity assessment in the ALJ's written decision and the hypothetical question the ALJ posed to the vocational expert at the hearing both limited plaintiff to "light work,"[3] the two assessments were otherwise somewhat different. For example, the ALJ's residual functional

---

[2]Social Security rulings are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990) (citations omitted). Such rulings reflect the official interpretation of the Social Security Administration and are entitled to some deference as long as they are consistent with the Social Security Act and regulations. Massachi v. Astrue, 486 F.3d 1149, 1152 n.6 (9th Cir. 2007).

[3]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. . . [A] job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

capacity assessment for plaintiff in the decision limited plaintiff to "no fine manipulation [with] bilateral hands." (AR 33). However, in the pertinent hypothetical question posed at the hearing, the ALJ only limited plaintiff (or the hypothetical individual) to no fine manipulation "on a repetitive basis" and allowed for only "the occasional[] but not repetitive" use of her hands bilaterally "for such things as keyboarding." (AR 60). Such differences between the ALJ's assessment of the functional abilities of essentially the same claimant call into question the validity of the ALJ's evaluation of plaintiff's residual functional capacity, the evidentiary value of the vocational expert's testimony, and the ALJ's decision as a whole. Cf., e.g., Regennitter v. Commissioner, 166 F.3d 1294, 1297 (9th Cir. 1999) (A "specific finding" that consists of an "inaccurate characterization of the evidence" cannot support ALJ's adverse credibility determination); Lesko v. Shalala, 1995 WL 263995 *7 (E.D.N.Y. Jan. 5, 1995) ("inaccurate characterizations of the Plaintiff's medical record" found to constitute reversible error).

      Second, in the administrative decision, the ALJ stated "[i]n comparing [plaintiff's] residual functional capacity with the physical and mental demands of [the past relevant work of office manager], the [ALJ] finds that [plaintiff] is able to perform it as actually and generally performed." (AR 34). At step four, however, the ALJ was required to set forth a detailed explanation of the basis for each of his findings. See Pinto, 249 F.3d at 847 ("[R]equiring the ALJ to make specific findings on the record at each phase of the step four analysis provides for meaningful judicial review.") (citation and quotation marks omitted). The ALJ's boilerplate step four findings were inadequate under this standard. See id. ("When . . . the ALJ makes findings only about the claimant's limitations, and the remainder of the step four assessment takes place in the [vocational expert's] head, we are left with nothing to review.") (citation and quotation marks omitted).
///

1    Third, even so, substantial evidence did not support the ALJ's determination
2 that plaintiff had the residual functional capacity to do her past work as an office
3 manager as such job was actually or generally performed.  For example, plaintiff
4 testified at the hearing that, as actually performed, her past work as an office
5 manager essentially required frequent fingering with both hands (*i.e.* "over 75
6 percent of [plaintiff's] work [as an office manager involved] data entry" with a
7 computer keyboard).  (AR 61).  It appears that an individual who is unable to do
8 any fine manipulation with her hands, however, would be precluded from such
9 work.  See, e.g., Estrada v. Astrue, 2011 WL 4946568, *3 (C.D. Cal. Oct. 18,
10 2011) ("Plaintiff's restriction to only occasional fine manipulation, i.e., occasional
11 fingering, precludes her from performing a job that requires frequent fingering.");
12 Hyson v. Astrue, 2012 WL 5984655, *7 (D. Or. Nov. 27, 2012) (ALJ erred in
13 relying on vocational expert testimony that plaintiff could do jobs of cashier and
14 officer helper where "the [vocational expert] did not explain whether [an
15 individual], with a limitation in fine manipulation in his dominate hand, could
16 perform the frequent fingering required by [such] jobs. . . ."); see also Gallardo v.
17 Colvin, 2014 WL 824227, *12 (E.D. Cal. Mar. 3, 2014) (noting that "[c]ourts in
18 this circuit have generally concluded that 'fine manipulation' is equivalent to
19 'fingering' as it is used in the [DOT]") (citations omitted); Fitz v. Colvin, 2013
20 WL 4761149, *2 (C.D. Cal. Sept. 4, 2013) (noting same) (citations omitted).
21 Moreover, the vocational expert testified that plaintiff (or a hypothetical individual
22 with plaintiff's characteristics) likely could not perform the job of office manager
23 "[in the manner plaintiff] was performing it."  (AR 62).
24    In addition, the ALJ also determined that plaintiff retained the residual
25 functional capacity to perform office manager work as such job was "characterized
26 by the vocational expert . . . " (*i.e.*, as generally performed).  (AR 34).  The
27 vocational expert did opine that plaintiff could do the job of office manager as it is
28 "customarily" performed.  (AR 62-63).  The record, however, does not support the

ALJ's reliance on the vocational expert's testimony in this regard. Specifically, the vocational expert testified that the occupation of office manager as generally performed required "occasional" fingering – a requirement which is also inconsistent with the ALJ's assessment that plaintiff could do "<u>no</u> fine manipulation" with her hands. (AR 33, 60, 62) (emphasis added).

Finally, the Court cannot find the ALJ's errors harmless. The hypothetical question the ALJ posed to the vocational expert did not include plaintiff's limitation to "no fine manipulation." (AR 33, 60). Accordingly, the vocational expert's testimony, which the ALJ adopted, could not serve as substantial evidence supporting the ALJ's determination that plaintiff could do work that required even "occasional" fingering (*i.e.*, the job of office manager as generally performed). Moreover, defendant points to no other persuasive evidence in the record which could support the ALJ's determination at step four that plaintiff was not disabled. <u>See</u>, e.g., <u>Pinto</u>, 249 F.3d at 846 (remand warranted where ALJ found claimant not disabled at step four based "largely" on inadequate vocational expert testimony and ALJ otherwise "made very few findings").

Accordingly, remand is warranted to permit the ALJ to reevaluate whether plaintiff is able to perform any past relevant work and, if not, to proceed to step five of the sequential evaluation process.

///
///
///
///
///
///
///
///
///

9

## V. CONCLUSION[4]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[5]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 12, 2014

                                                 /s/
                              Honorable Jacqueline Chooljian
                              UNITED STATES MAGISTRATE JUDGE

---

[4] The Court need not, and has not adjudicated plaintiff's other challenge to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[5] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).